UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AUGUSTO EDUARDO LOAIZA LEMUS and all others similarly situated Under 29 U.S.C 216(b),

    Plaintiff,

vs.

PROJECTOTRES, LLC, a Florida Limited Liability Company, and JORGE CHALL PEREZ, individually,

    Defendants.

_____/

# COMPLAINT

COMES NOW Plaintiff, AUGUSTO EDUARDO LOAIZA LEMUS, by and through his undersigned attorneys, and hereby sue Defendants, PROJECTOTRES, LLC, a Florida Liability Company, and JORGE CHALL PEREZ, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant PROJECTOTRES, LLC is a Florida Limited Liability Company which regularly conducted business within the Southern District of Florida.

6. PROJECTOTRES, LLC is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and one other employee of PROJECTOTRES, LLC would routinely handle construction equipment, tools, and materials on a regular and consistent basis. These construction equipment, tools, and materials handled or used by Plaintiff, as well as other employees of PROJECTOTRES, LLC, had travelled in interstate commerce. Furthermore, PROJECTOTRES, LLC, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of PROJECTOTRES, LLC was at all times material hereto in excess of $500,000.00 per annum gross for the year 2018 and 2019.

8. By reason of the foregoing, PROJECTOTRES, LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, PEREZ, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Defendant PEREZ controlled the purse strings for the corporate Defendant. Defendant PEREZ

hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff is employed by the Defendants as a non-exempt electrician.

12. Plaintiff was employed from on or about December 4, 2018 through on or about May 28, 2019.

13. Plaintiff was paid a rate of $14.00 per hour during the first biweekly period of his employment.

14. Plaintiff received a raise to $15.00 per hour during the second biweekly period of his employment.

15. Plaintiff received a raise to $16.00 per hour the third biweekly period of his employment.

16. Plaintiff received a raise to $17.00 per hour the fourth biweekly period of his employment.

17. Plaintiff received a raise to $18.00 per hour commencing with the fifth biweekly period of his employment.

18. During the period of on or about December 4, 2018 through on or about May 28, 2019, Plaintiff worked approximately 56 hours per week during the same period.

19. Plaintiff was not paid overtime wages for approximately 16 overtime hours per week during the aforementioned period. Accordingly, Plaintiff is owed these hours at a rate of halftime, or half the regular wage that Plaintiff.

20. Plaintiff was re-employed from on or about July 8, 2019 through on or about August 17, 2019.

21. Plaintiff worked approximately 72 hours during the week of on or about July 28, 2019. Plaintiff was paid 40 hours during the said week. Plaintiff is owed 32 overtime hours at a rate of time-and-one half the regular rate for this week.

22. Plaintiff worked approximately 52 hours during the week of on or about August 4, 2019. Plaintiff was paid 40 hours during the said week. Plaintiff is owed 12 overtime hours at a rate of time-and-one half the regular rate for this week.

23. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

24. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that they were being paid for their hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due. Thus, Defendants continue to willfully violate the FLSA.

25.     Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: June 3, 2020

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561